NANCY J. KIBBLE et al. *v.* ARMSTEAD L. BUTLER.

Where N. J. K., a *feme covert*, made claim to certain property which had been levied on by virtue of an execution against her husband, and she gave bond with security without joining her husband, to try the right to the property levied on, and the issue was determined against her, a judgment being rendered declaring the property liable to satisfy the execution; when N. J. K. prosecuted a writ of error to the high court of errors and appeals, by giving bond and security, which court reversed the judgment rendered, but rendered a judgment which in effect affirmed the judgment of the circuit court. She then filed a bill to enjoin the judgment rendered, alleging that at the time the proceedings were commenced and judgment was rendered against her, that she was a *feme covert*, and that her husband was not joined with her in the proceedings in either count, and that the judgment having been reversed, the high court of errors and appeals had no authority to render a judgment against the sureties in the writ of error bond: — *Held*, that N. J. K. is not entitled to the aid of a court of equity, under the showing made in the bill.

Before N. J. K. can be heard in a court of equity, she ought to offer to place the property where it was at the time she made her claim, or to have it forthcoming to satisfy the judgment; but her bill filed contains no such offer.

The high court of errors and appeals can render a judgment against sureties to a writ of error bond only in those cases provided for by the statute, which are only when the judgment of the court below shall be affirmed, or the appeal on writ of error dismissed. *Held*, that in no case can the court render a judgment where one could not be obtained by regular suit on the bond.

The judgment is void as to the sureties in the bond.

IN error from the northern district chancery court at Holly Springs; Hon. Henry Dickinson, vice-chancellor.

The opinion of the court contains a statement of the facts of the case. For former decision of the same case, see 14 S. & M. 207.

*Trotter* and *Williams*, for appellants,

Contended that the foundation of the whole proceeding is void, it being against a *feme covert* in which her husband was not joined, and cited Hutch. Co. 498, § 5; Clancy on H. & W. 23; 6 Term R. 604; 7 S. & M. 69; 2 Kent, 149; 6 How. 125; Ib. 296; 12 S. & M. 469; 4 Peters, 474; 11 Wend. 652;

Kibble et al. *v.* Butler.

6 How. 113; 1 Ired. 482; 10 N. H. 444; 1 U. S. (Sup.) Dig. 644; 1 Denio, 655; 2 Rand. 313; 14 Johns. 417; 8 Cow. 406; 2 U. S. Dig. 188; 3 Humph.; 3 Yerg. 366; 10 Ib. 120.

*D. Mayes* for appellee.

Mr. Justice FISHER delivered the opinion of the court.

The object of this bill in the court below was to enjoin a judgment rendered by this court at its November term, 1850. The court below sustained a demurrer to the bill, and dismissed the same; from which judgment the present writ of error has been prosecuted.

The facts are briefly these: The defendant Butler had recovered a judgment in the circuit court of Marshall county, against Humphrey W. Kibble, the husband of the complainant, Nancy J. Kibble; and execution was issued on this judgment, and was levied by the sheriff on the 15th of August, 1848, on certain property which Mrs. Kibble claimed by making the proper affidavit under the statute, and giving bond with security, without joining her husband therein as a party or obligor. An issue was made up and tried between her and the plaintiff in execution, when the jury found the property liable to the plaintiff's execution; whereupon the court rendered judgment. A writ of error was prosecuted to this judgment by Mrs. Kibble to this court, and the complainants, Joseph H. Abston and William Taylor, became her securities in the writ of error bond. This court, upon looking into the record, reversed the judgment, and proceeded to render such judgment on the verdict as the court below should have rendered, which was, in another form, in effect the same judgment as the one reversed.

It is now insisted by the bill that the judgment thus rendered was and is void: first, because the said Nancy J. Kibble was, both at the time of the proceeding in the court below, and in this court, a *feme covert,* and that her husband was not joined with her in the proceedings in either court; and second, that the judgment having been reversed, this court had no authority to render a judgment against the securities in the writ of error bond.

In regard to the first question, we are of opinion that Mrs. Kibble is not entitled to the aid of a court of equity, under the showing made in her bill. She first took her chance in all the courts of law, without bringing to their notice, in any legal mode, the fact that she was a *feme covert*. By her affidavit and bond, she was enabled to get possession of the property which had been levied upon to satisfy the judgment against her husband; and before she could be heard in a court of equity, she ought to offer to place the property where it was at the time she made her claim, or to have it forthcoming to satisfy the judgment. The bill contains no such offer; but merely a desire to have the judgment enjoined, permitting her at the same time to retain the property, which, by her void proceedings, as she insists, she took out of the legal custody of the officer. Equity, in granting relief to one party, must take care not to do injustice to another. This would be the result of granting her prayer in the present case; and the demurrer, therefore, as to her must be sustained.

As to the other parties, the demurrer must be overruled. The high court of errors and appeals can render a judgment against sureties to a writ of error bond only in those cases provided for by the statute; the court is required to render such judgment only when the judgment of the court below shall be affirmed, or the appeal or writ of error dismissed. In no case can a judgment be rendered here, when one could not be obtained by regular suit on the bond. The judgment having been reversed, there was of course no breach of the condition of the bond, and for this reason no suit could have been maintained on it, or judgment rendered on it in this court. The judgment is, therefore, absolutely void as to the sureties; and the demurrer as to them will be overruled, and the cause remanded.

Decree reversed, judgment against defendant in error for the costs of this court, and cause remanded.