LOMAX ANDERSON ET AL. *v.* WESTERN UNION TELEGRAPH COMPANY.

1. PRINCIPAL AND AGENT. *Agent's bond. Sureties. Payment of default. Recovery of payment. Mistake of fact. Agent's declarations.*

   The sureties on an agent's bond for the faithful accounting and payment over of the principal's money coming into his hands, cannot, after paying off a defalcation of the agent, recover by suit the money so paid because of any mistake of fact predicated of false statements by the agent.

2. PAYMENTS. *Recovery. Mistake of fact. Prudence. Carelessness.*

   Money paid under an innocent mistake of fact may be recovered where the payment is made after ordinary prudence has been exercised to learn the facts. but not where extreme carelessness is shown.

FROM the circuit court of Claiborne county.

HON. WILLIAM K. McLAURIN, Judge.

Anderson and others, the appellants, were the plaintiffs in the court below; the telegraph company was defendant there. From a judgment for the defendant the plaintiffs appealed to the supreme court. The opinion states the facts.

*Martin & Anderson,* for appellants.

This was a case of continuing guaranty. Defendant was in the position of a fiduciary; it knew of the fraud of its agent in September, 1896, but continued him in its employ until his defalcation had reached the sum of $390. Therefore the money

paid was not due. See *Saint* v. *Wheeler & Wilson Mfg. Co.,*
36 Am. St. Rep., 210; *Phillips* v. *Foxall,* 7 Q. B., 666; Am.
& Eng. Enc. L., vol. 24, 796; *Rapp* v. *Ins. Co.,* 113 Ill., 390;
55 Am. Rep., 427; *Roberts* v. *Donovan,* 70 Cal., 108; *Adjala*
v. *McElroy,* 9 Ont., 580; *Tel. Co.* v. *Barnes,* 21 Am. Rep.,
621; *Sanderson* v. *Aston,* L. R., 8 Exch., 73; Brandt on
Suretyship and Guaranty, sec. 368; *Railroad Co.* v. *Gow,* 59
Ga., 685; 27 Am. Rep., 40; *Densmore* v. *Tibdall,* 34 Ohio St.,
411; *Graves* v. *Lebanon National Bank,* 10 Ky., 23; Lawson
on Rights, Remedies and Practice, vol. 5, sec. 2484; *Ins. Co.*
v. *Scott,* 81 Ky., 540.

If one pay money not equitably due on account of mis-
apprehension and a mistake of the facts, he is entitled to re-
cover it. Had Chisholm fallen short in his accounts during
the last month of his service, the plaintiffs would have been
responsible for that shortage. Plaintiffs believed this was the
case, and paid the money, so believing. *Bank* v. *McGilvary,*
64 Am. Dec., 92; *Bank* v. *Moore,* 38 *Ib.,* 284; *Railroad Co.*
v. *Faunce,* 46 Am. Dec., 655; *Waite* v. *Leggett,* 18 *Ib.,* 441;
27 Am. Dec., 488, and 19 Am. Dec., 131; 5 Lawson's Rights,
Remedies and Practice, sec. 2561.

Even though the plaintiffs had been able to discover the true
state of Chisholm's accounts, and did not investigate, they can
recover notwithstanding. *Bank* v. *Eltings,* 100 Am. Dec., 516;
*Lyle* v. *Shinnebarger,* 17 Mo. App., 66.

*Mayes & Harris,* for appellee.

The parties were put upon full notice in ample time to have
acquainted themselves with the facts. But they paid the money,
and it was nearly a year afterwards that they called upon the
company for an accounting, and when this account was rendered
they brought suit because the statement of the account showed
that the shortage had begun nearly a year before they were noti-
fied of the default of the agent, claiming that they are entitled to
recover of the company because they had been misled upon the

statement of Chisholm, their principal, in whom they had confidence, and upon whose statement they relied as to when the shortage began.

A case cannot be found where one, with full opportunity to know the facts, especially in a case of this character, voluntarily pays the money, can recover it back.

If a mistake is the result of a party's own carelessness or inattention, the court will not interfere in his behalf, its policy being to grant relief to the vigilant. *Wood* v. *Patterson,* 4 Md., 335.

If one with full knowledge of all the facts, or with means of knowledge, voluntarily pay money under a claim of right, he can maintain no action to recover it back. 27 Maine, 419; 53 Barb. (N. Y.), 533-542; 16 Hun (N. Y.), 151.

CALHOON, J., delivered the opinion of the court.

In 1895 appellants became sureties on the bond of an agent of appellee at Port Gibson. The bond is conditioned for the faithful discharge of duty by the agent, and particularly that he should faithfully pay over moneys received.

The agent commenced to be short in his accounts in August, 1896, and he increased his shortage nearly every month up to and including December, 1897. By a letter of January 13, 1898, the company, by its superintendent at Nashville, Tenn., notified the sureties of a shortage of $387.85. They at once saw the agent, who acknowledged the shortage, but told them it had all occurred in December, 1897.

Subsequently to this statement by the agent, the sureties received another letter from the superintendent, which bore date of February 2d, 1898, and concluded in these words: "Our New York authorities have been urging this matter for several months, and I feel that I can no longer defer it."

Subsequently to the receipt of this the sureties, in the same month (February, 1898), paid the shortage.

In August, 1898, they wrote to the company for a statement

of the account, and got it in September, 1898, and say this was the first information they had that the shortage commenced in August, 1896, and on January 4th, 1899, they sued the company to recover the payment.

The basis of their claim is that it was the duty of the company to have notified them of the defalcation for September, 1896, and that, because of this neglect, they were not liable to pay, and that, having paid in reliance on the truth of the agent's statement that the whole shortage was for December, 1897, they now have the right to recover the payment.

The court below excluded all their evidence and gave a peremptory instruction for the telegraph company.

If the sureties relied on the statements of the principal in their bond, it was their own carelessness. He could in no way bind the company, the obligee of the bond, by anything he might say to his sureties about his defalcation. This was a matter in which he, together with his sureties, were in a position hostile to the company. They paid with full notice in writing that the defalcation extended over several months, and cannot recover the money paid. Recovery may be had where payment is made under an innocent mistake of fact where ordinary prudence is exercised, but not, as in this case, where extreme carelessness is shown. *Bulkley* v. *Stewart,* 2 Am. Dec., 57; *Morris* v. *Torin,* 1 Am. Dec., 233; *Hall* v. *Schultz,* 4 *Ib.,* 270; 27 Maine, 419; *Wood* v. *Patterson,* 4 Md. Ch., 335.

It is important that controversies be settled, and objections to claims must be seasonably urged. There was no fraud or deceit practiced by the telegraph company. It made its claim with full notice that the shortage was of several months' standing. It was certainly entitled to the $78 of shortage for September, 1896, in any event. The sureties voluntarily paid the whole claim without objection. They need not have paid it without full information and accounting, but chose to do so, and must abide by their payment.

*Affirmed.*