## MENGE & SONS v. GULF & SHIP ISLAND RAILROAD COMPANY.

### [53 South. 424.]

PAYMENT. *Voluntary payment. Not recoverable when. Buyer and seller.*

Where a buyer, having ordered an article of merchandise from a seller, received a different article from that ordered and voluntarily paid for it upon refusal by the seller to take it back, he cannot recover the purchase money paid in a direct suit, nor by way of a set off when sued by the seller for other goods, since voluntary payments, made with full knowledge of the facts, are not recoverable.

FROM the circuit court of Harrison county.

HON. WILLIAM H. HARDY, Judge.

Menge & Sons, a mercantile corporation, appellant, was plaintiff in the court below; the railroad company, appellee, was defendant there. From too small a judgment in plaintiff's favor against defendant, plaintiff appealed to the supreme court. The

defendant was in the trial court allowed as an off-set to plaintiff's demand a sum of money previously paid by defendant to plaintiff for a coil of wire rope. The defendant ordered a coil of rope from plaintiff, plaintiff shipped defendant a coil of rope but (as defendant claimed) the rope shipped was not the size ordered. Defendant's offer to return the rope to plaintiff was declined, whereupon defendant paid plaintiff for it. Afterwards defendant bought other goods from plaintiff, of greater value than the rope, the purchase money of which was sued for in this case. Having made these last purchases defendant shipped the rope to plaintiff, but plaintiff would not receive it from the carrier and it was finally sold for freight and storage charges.

*Hanun Gardner,* for appellant.

Regardless of the size of the rope, appellee agreed to retain and pay for it and voluntarily paid for it, and is therefore estopped as a matter of law to use the amount paid for the rope as a set-off against the present demand of the appellant.

There is no question which the decisions of our court more clearly define than that where a party, in possession of all the facts surrounding a controversy, makes a voluntary payment in settlement of the dispute, he is thereafter estopped absolutely in every effort to recover back what he so paid. *City of Jackson v. Newman,* 59 Miss. 285; *Anderson v. Western Union Tel. Co.,* 77 Miss. 851; *Stratton v. Bryant,* 55 Miss. 261; *Town of Wesson v. Collins,* 72 Miss. 844; 30 Cyc. 1298; Herman on Estoppel, 1181.

*James H. Neville* and *B. E. Eaton,* for appellee.

The voucher for the payment of the rope was issued on the 10th day of July. It will be observed that the discovery as to the incorrect size of the rope was not made until July 26th, sixteen days after the voucher had passed from Mr. Stewart's

department.   It went to the treasurer's department and to the auditor's department, and remained in one of these departments until October 25th, when it was sent by whichever department then held it, to appellant, and was by the appellant collected October 25, 1907.

The appellant seeks a reversal for two reasons, the first being that the appellee is now estopped from recovering the price of the rope by way of set-off for the reason that payment for the rope was made after the receipt of appellant's letter of September 25th.   The appellant contends that this was a voluntary payment on the part of appellee and was therefore an admission of appellee's right to recover for the rope inasmuch as the appellant had expressed an unwillingness to accept a return of the rope unless the freight charges were paid by appellee.   In answer to this position, the appellee maintains that the record shows that the payment of this voucher was not what is meant by the authorities cited as voluntary payment.

It appears that the appellant collected the voucher pursuant to the express agreement that its collection would not be held up because of any controversy about the size of the rope, or about any agreement as to its return.   It is quite true that after the appellant collected the voucher it assumed a very different attitude towards the controversy from that it had before assumed, and realizing its advantage in the situation it had no hesitancy in saying to the appellee that it could seek whatever remedy it might desire.   The payment thus procured and the attempt to distort it into a voluntary admission on the part of the appellee that it was wrong in the controversy, was a distinct act of bad faith, if not fraud.

Such situations do not rise to the dignity of the doctrine of estoppel, for as is stated in one of the authorities cited by counsel for appellant, *Stratton v. Bryant,* 55 Miss. 261, the principle on which the doctrine of estoppel by conduct rests is that it would be fraud in a party to assert what his previous conduct

had denied when on the faith of that denial others have acted. If this great doctrine of equity is applicable to the controversy in this suit, it condemns the appellant.

The *Town of Wesson case,* 72 Miss. 844, cited by counsel for appellant is not in point.

The other authority cited by counsel, *Anderson v. Western Union Tel. Co.,* 77 Miss. 851, supports, unmistakably, the theory that appellee rests on in this case. The case recites the circumstances under which a payment was made and holds that the payment thus discussed was a voluntary payment, but the case further holds that where money is paid under an innocent mistake of fact it may be recovered where the payment is made after ordinary prudence has been exercised to learn the facts. In the instant case, payment was made because of a distinct agreement that payment would not be withheld because of the other controversy about the size of the rope. In other words, the appellee was dealing with the appellant on the high ground of commercial integrity, and relying upon the belief that the appellant would not distort the meaning of the payment, it permitted the transaction in this particular to be concluded along the lines of ordinary business transactions, leaving the other differences to be determined and adjusted according to their merits.

SMITH, J., delivered the opinion of the court.

Appellee, having voluntarily paid for the coil of rope with full knowledge that it was not of the diameter purchased, if the fact be, as claimed by appellee, that it was not of such diameter, and after having been advised by appellant that it would not agree to return of same, cannot now set-off the amount paid appellant for this rope against the amount due appellant for the purchase of other articles. *Anderson v. Western Union Tel. Co.,* 77 Miss. 851, 27 South. 838. The peremptory instruction requested by appellant ought, therefore, to have been given.

*Reversed and remanded.*