SMITH, et al. *v.* AMERICAN NATIONAL INSURANCE COMPANY

No. 42067          January 22, 1962          136 So. 2d 622

*Ethridge, Minniece & Bourdeaux,* Meridian, for appellants.

*Charles Brown, Dibrell, Dibrell & Greer,* Galveston, Texas; *Watkins & Eager,* Jackson, for appellee.

Arrington, J.

Miss Irene Smith and others, appellants and complainants below, filed bill of complaint in the Chancery Court of Lauderdale County against American National Insurance Company, seeking to recover alleged excessive premiums paid from 1932 through 1957 on a group policy of life and disability insurance, issued by the appellee to the Mississippi Education Association as master policyholder. The bill also sought other relief. From an adverse decree the appellants appeal.

The policy of insurance was issued on November 1, 1927. The policy contained a provision which reads as

follows: ''The above schedule of premiums may be revised by the company at the end of each five-year period of duration hereof. The new rates to replace the old shall be forwarded to the master policyholder at least three months prior to the end of each five-year period.''

In 1932, the rates were revised by the company and the new rate schedule was in effect November 1, 1932. In 1950 and 1951, the company issued a re-solicitation to get new insureds from members of the Association upon the same rate basis under which the original group became insured in 1927. Letters of solicitation for these new insureds were sent out to all members of the Association. This solicitation applied to old members as well as new. On November 1, 1957, the rates on the new certificates issued under the solicitation were changed to the 1932 schedule. Thereafter on November 1, 1957, all premiums were voluntarily paid on the 1932 schedule by all policyholders. The appellants argue that bringing in the new group in 1950 and 1951 was a discrimination against the older members.

The appellants also argue that the 1932 amendment of the schedule of rates was invalid for the reason that the new rates were not attached to the master policy, and that the company was not entitled to charge premiums in excess of those originally contained in the master policy; that the company was not justified in charging the older members higher premiums than those members of the group brought in by the re-solicitation in 1950 and 1951; that the 1957 schedule of rates was void because it was not given more than three months before the end of a five-year period as required by the policy.

The chancellor found that the 1932 rate changes were validly incurred, that the provisions of the policy were fully complied with, and that the rates were effectively put into operation in 1932. As to the new members who came into the group in 1950 and 1951, the court found that there was no discrimination which would entitle

the payments to be recovered, holding: "The court is of the opinion that the payments were not such a discrimination as to make it possible for the complainants herein affected thereby to recover any premiums or any part of the premiums paid in because of such discrimination."

As to the 1957 change in the rate schedules, the court held that the schedules were effective and were operative due to the fact that the defendant had notified the complainants long prior to ninety days before the effective date that they would go into operation during the year 1957. The record herein shows that the letter changing the rates in 1957 gave only 83 days notice. The court also found that, even if the premiums were paid and they were excessive or unauthorized, they cannot be recovered back by the insured where they were paid voluntarily, provided the risk attached, and held that the proof showed the risk did attach and they were paid voluntarily. Decree was entered accordingly dismissing the bill with prejudice.

We are of the opinion that the chancellor was correct in his findings and in entering a decree dismissing the bill with prejudice.

■■ ■ We have carefully examined this voluminous record and in view of the conclusion we have reached, we will forego a further discussion of the facts. Assuming for the purpose of argument that the appellants are correct in their charge that the rate changes in 1932 and 1957 were void and that excessive premiums were paid by the appellants, they cannot be recovered for the reason that they were voluntarily paid. The general rule is that premiums cannot be recovered where the risk attached. In 44 C. J. S., Section 406, the rule is stated as follows:

"The general rule, in the absence of statutory or contract provision to the contrary, is that there can be no return of premium once the risk has attached and bene-

fit has been derived from the contract, since in such cases the premium is considered earned; . . . . ."

In Aetna Life Insurance Company v. Thomas, 166 Miss. 53, 144 So. 50, the Court held that insured could not recover premiums voluntarily paid on ground he was entitled to waiver of premium because of disability. The Court said: "The record shows that these payments were voluntarily made. There was no coercion, compulsion, or necessity for payment shown in this record, except it be argued that it was necessary for him to pay his premiums in order that he might keep the contract in force. Certainly the appellee, Thomas, knew of the facts with reference to this entire matter. His payments were entirely voluntary; he might pay or not, as he saw fit. If he paid the annual premiums, his contract was in force, if he declined to pay, his rights under the contract ceased. It is a general rule that money voluntarily paid under a claim of right for the payment and with knowledge of the facts by the person making the payment may not be recovered on the idea that the claim paid was illegal or not due, or that claimant was not liable therefor. This rule applies here, and has been recognized by this court uniformly with the other courts of this country. Menge & Sons v. Gulf & S. I. R. Co., 97 Miss. 810, 53 So. 424; Town of Wesson v. Collins, 72 Miss. 844, 18 So. 360, 917.

"Premiums voluntarily paid upon a contract of life insurance do not fall within any exception to the rule. See Jones v. Providence Savings Life Assur. Society, 147 N. C. 540, 61 S. E. 388, 25 L. R. A. (N. S.) 803; 32 C. J., p. 134, Sec. 406."

In McLean, et al. v. Love, et al., 157 So. 361, 172 Miss. 168, the Court said: ". . . . It is the general rule in this state (Union Land Co. v. Pearl River County, 141 Miss. 131, 106 So. 277; Menge & Sons v. Gulf & S. I. Railroad Co., 97 Miss. 810, 53 So. 424; Graham McNeil Co. v. Scarborough, 135 Miss. 59, 99 So. 502, 503), as elsewhere,

that a voluntary payment cannot be recovered back; . . . . There is no hardship in the rule in regard to voluntary payments; on the contrary, its foundation rests among the fundamentals of judicial procedure, . . . . Thus, it is axiomatic in equity jurisprudence that a court of equity makes no exertion to extend relief to those who, being able to take care of their interests, have neglected to do so, and thereupon find themselves in predicaments which ordinary care would have avoided. And for the stronger reason, where an unjust demand has been made upon a party, a demand for a debt which he does not owe, or for more than he owes, he must, when he knows or ought to know the facts, avail of the means which the law affords him to resist the demand, and if he do not, and make the payment demanded, he has not taken due care.''

██ ██ We are of the opinion that the premiums were voluntarily paid. There is no evidence to the contrary in this record. Since this proposition decides the case, we do not discuss the other contentions of appellants, which have no merit. It follows that the judgment of the court below is affirmed.

Affirmed.

*Lee, P. J.,* and *Kyle, Ethridge* and *Gillespie, JJ.,* concur.