## Finley v. Equitable Life Assurance Society of the United States

*Sherman H. Siegel,* for plaintiff.

*David J. Herrod,* for defendant.

HANNA, *J.,* February 5, 1975—This matter comes to court on cross motions for summary judgment. There is no dispute between the parties as to the facts. On or about December 18, 1968, Thomas J. Finley purchased an adjustable whole life insurance policy from defendant, Equitable Life Assurance Society of the United States in the amount of $5,000.00. As is customary, the policy provided for the payment of the premiums in either monthly, quarterly, semiannual or annual installments. Decedent elected to pay the premiums annually; his last payment, in the amount of $324.85, was made on December 16, 1972, for the year beginning December 18, 1972. Shortly thereafter, on January 14, 1973, the said Thomas J. Finley died.

Plaintiff, the executrix of the estate of Thomas J. Finley, deceased, was paid the benefits under the policy in the amount of $5,232.63, but made demand upon defendant for eleven-twelfths of the premium paid for the year beginning December 18,

1972, being $297.78. Defendant refused to pay said claim and this action was brought.

The sole question before the court is whether or not there is any duty upon defendant to refund a portion of the annual premium, when the policy is terminated by the death of the insured and the benefits are paid under said policy.

Plaintiff's argument is that since the policyholder could have paid the premium on a monthly basis, he should not be penalized for electing to pay the premium annually. She contends that to do so would be to enrich unjustly the defendant insurer. Defendant's argument is that where the premium is paid on a voluntary basis and the risk attaches immediately for the year and there is no provision in the policy for refund, defendant has the right to retain the premium.

The general rule is that there can be no return of the premium once the risk is attached and benefit has been derived from the contract, since, in such cases, the premium is considered to have been earned: Smith v. Americal National Insurance Company, 136 So. 2d 622 (1962); Commercial Standard Ins. Co. v. Suttle, 193 Pa. 2d 563 (1948); 44 C.J.S. Insurance, §406. "If a legal risk insured against has once attached and there are no statutory or contractual provisions to the contrary and no fraud or fault on the part of the insurer, the premium is not apportionable, and the insured is not entitled to a return of any part of the premium paid": 43 Am. Jur. 2d Insurance, §629. Under this general rule, if payment is made for a year, the risk attaches for a year. If the insured chooses to make monthly payments, the risk attaches by the month and

he has a series of monthly contracts with the insurer. Plaintiff, in effect, is asking the court to consider the yearly payment as 12 separate monthly payments being paid at one time. This approach would be a wrenching of the general rule that the risk attaches for the period for which the payment is made, and we are of the opinion that this should not be done for the purpose of forcing a refund.

Plaintiff contends that an insurance policy is a contract of adhesion and is to be construed strictly against the insurer. Even if one assumes that all insurance policies are contracts of adhesion and construing the policy most strictly against the insurer, we are of the opinion that in determining the particular issue under consideration, the policy is not written so that it is all one-sided. The insurer chooses to make the yearly payment with the understanding that there will be no refund if he dies prior to the expiration of the year. Although both the insured and the insurer acquire certain benefits from the yearly payment, the overriding benefit is that the insured has a policy in effect until he pays the next yearly premium. He makes the choice of the payment period and the choice is a meaningful one. It is true that by paying the premiums yearly he takes the gamble that the benefits will become payable before the expiration of the payment period; and thus when the benefits are paid he will receive a lesser amount, due to the retention of the balance of the premium, than one who pays monthly. This is a small price to pay for the benefits which attach by the voluntary agreement to pay yearly.

Under the present state of the law, it is our opinion that absent any statutory or contractual provisions to the contrary, there is no duty upon defen-

dant to refund a portion of the annual premium. If there is to be a change in this rule, it should be done by legislative action.

## ORDER

And now, February 5, 1975, the motion for summary judgment of plaintiff is hereby denied and the motion for summary judgment of defendant is hereby granted.