ROBERT SPROULE *v.* ALABAMA & VICKSBURG RAILWAY COMPANY.

RAILROADS. *Right of way. Possession. Trespasser.*

> If a railway track be in use by the company, and it exercises ownership over that part of its unfenced right of way not occupied by its track in the usual way, such as the nature of the property permitted, its possession of such part is actual and exclusive, and sufficient to enable it to maintain an action of forcible entry and unlawful detainer against a party who wrongfully enters thereon.

FROM the circuit court of Warren county.

HON. OLIVER W. CATCHINGS, Special Judge.

The railway company, appellee, was the plaintiff, and Sproule, the appellant, the defendant in the court below. The action was one of forcible entry and unlawful detainer for the recovery of a small, triangular piece of land in the city of Vicksburg. Neither party offered in evidence any paper title to the land. The testimony showed that the railway had for many years used its track, from the center of which the land in suit was within fifty feet, although no part of the track was on said land; that it had exercised the same sort of control over the land sued for as it had over its right of way throughout the state at other points, and kept it freed from brush and obstructions; that, shortly before the institution of the suit, Sproule, the defendant, had driven the company's laborers from the premises and had taken possession. The court below gave a

peremptory instruction for the plaintiff, and, a judgment being entered against Sproule, he appealed to the supreme court.

*Magruder & Bryson*, for appellant.

The railway company was never in possession of the land sued for.  8 Am. & Eng. Enc. L. (2d ed.), 746; *Preston* v. *Kehoe*, 15 Cal., 315; *Galigher* v. *Connell*, 23 Neb., 391; *O'Neill* v. *Ericson*, 75 N. W. Rep., 731; *Chesser* v. *Harrelson*, 119 Ala., 435, s.c. 24 So. Rep., 716.

Sproule's possession was rightful.  *State* v. *Lemon*, Addison (Pa.), 315; *Hopkins* v. *Calloway*, 3 Sneed (Tenn.), 11.

*McWillie & Thompson*, for appellee.

The railway company, at the time of Sproule's entry, was in the actual possession of the land.  This was so abundantly proved that the court below was justified in giving the peremptory instruction.  The authorities maintain our position.

A forcible entry and detainer is essentially a proceeding to protect the actual possession of real estate against unlawful and forcible invasion, to remove occasion for actual violence in defending such possession.  The main object, therefore, being to preserve the public peace and prevent persons from asserting their rights, real or supposed, by force and violence, this proceeding can be maintained without regard to the question of title, right of entry or right of possession.  13 Am. & Eng. Enc. L. (2d ed.), 743.

The general rule is, that, in order to entitle one to bring the action of forcible entry and detainer, he must show that he was, at the time of the ouster complained of, in the actual and peaceable possession of the premises in question.  A mere constructive possession is insufficient.  13 Am. & Eng. Enc. L. (2d ed.), 745.

No question of title, or of the right of possession, can arise upon the trial of the issue.  It therefore makes no difference whether the defendant had or had not the right to enter, whether

he had superior title and right of possession or was a mere intruder. To maintain this proceeding, the plaintiff must be, at the time of the alleged forcible entry, in the actual possession—that is, in the occupancy of the premises. Neither the right of possession nor constructive possession is sufficient. *Dills* v. *Justice*, 9 S. W. Rep. (Ky.), 290; *Foster* v. *Kelly*, 84 Am. Dec., 676, s. c. 36 Vt., 199; *Parker* v. *Eason*, 68 Miss., 290; *Young* v. *Barr*, 69 Miss., 879.

A person may render himself liable to this action by entering upon his own premises by force and violence, even when he has a right to immediate possession. 8 Am. & Eng. Enc. L. (1st ed.), 119.

In general, any use of the premises which shows an intention to hold possession, for the purpose of cultivation, improvement, or applying them to the uses for which they may be fitted, is sufficient. 8 Am. & Eng. Enc. L. (1st ed.), 119.

The possession of uncultivated land necessary to support an action of forcible entry and detainer on behalf of the owner, does not require the constant presence of the plaintiff, either in person or by agent. Any acts done by him on the premises, showing an intention to hold possession, for the purpose of cultivation and improvement, will be sufficient. Thus, where the plaintiff traced out the boundaries, threw up mounds at the corners of part of the land, and when defendant came on the ground ordered him off with the assertion that the land belonged to the plaintiff, held, that proof of these facts would support a verdict. *Bradley* v. *West*, 60 Mo., 59; 8 Am. & Eng. Enc. L. (1st ed.), 120, note.

The action is merely possessory, and does not involve the title, and the judgment is no evidence in ejectment or trespass. *Spears* v. *McKay*, Walker (Miss.), 265; *Loring* v. *Willis*, 4 How. (Miss.), 383.

TERRAL, J., delivered the opinion of the court.

This is an action for a strip of land adjacent to the track of

the railway company, and claimed by it as a part of the right of way. It has been, since the construction of the road, in the use and occupation of the company in the same manner and to the same extent as other unfenced parts of its roadbed and right of way have been in its possession, and during all that time the company has exercised such usual acts of ownership as the nature of the property permitted, and such possession seems to be recognized by the law as actual and exclusive, and is, in our opinion, sufficient to justify the verdict and judgment given in this case.

*Affirmed.*