William T. Howie et al. *v.* Clifford A. Bonds.

[40 South. Rep., 227.]

Supreme Court Practice. *Affirmance. Damages. Code* 1892, § 4360.

Under Code 1892, § 4360, providing that if a judgment be affirmed the supreme court shall render judgment against the appellant for damages in certain cases, a judgment of affirmance conditioned upon the entering of a *remittitur* gives the appellee no right to damages, and there is no distinction under the statute between actions *ex contractu* and actions *ex delicto.*

From the chancery court of Scott county.

Hon. James L. McCaskill, Chancellor.

Bonds, the appellee, was complainant in the court below; Howie and others, the appellants, doing business under the firm name of Howie Bros., were defendants there. The chancery court rendered a decree in favor of the complainant for the sum of eight hundred and thirty-four dollars as commissions on the sale of five thousand five hundred and sixty acres of land. From this decree the defendants appealed to the supreme court, which affirmed the decree upon the entry of a *remittitur* by the complainant, the chief justice saying, in affirming the judgment:

"The case is before us on direct appeal only, no cross-appeal having been prosecuted. It is manifest from the evidence that it was error to allow commissions on the eight hundred and eighty acres of land described in 'Exhibit A to Kent's Deposition,' since Howie Bros. had nothing to do with the sale of that tract of land. If a *remittitur* shall be entered as to these commissions, the cause will be affirmed; otherwise, reversed. So ordered."

The *remittitur* being duly entered, a judgment was rendered in the supreme court affirming the decree appealed from, fixing the proper amount; but that decree also awarded the appellee

five per centum damages on the sum recovered, which met the approval of the supreme court. · The appellants then filed a motion to correct the judgment so as to relieve them of damages, claiming that (since a *remittitur* was ordered) the judgment was not an affirmance of the decree of the court below, within the meaning of Code 1892, § 4360.                    :

*Green & Green,* for the motion.

Strictly and properly, the decree of the chancellor was not affirmed.    The decree was reversed, and an entirely different decree was here rendered under the inherent power of this court, which adjudged that the finding of the chancellor was erroneous, in that he failed to enter the correct decree, and that it was essential that the decree as entered should be reversed before justice could be done in the premises and the right result reached; and to make this possible and in order to save time and expense and to render the decree that the court should have rendered, this court entered the decree in the instant case, and did not remand the cause.

The cases of *Delta & Pine Land Co.* v. *Wallace,* 83 Miss., 656 (s.c., 36 South. Rep., 263), and *Carver* v. *City of Jackson,* 82 Miss., 583 (s.c., 35 South. Rep., 157), were similar to the one at bar, yet there was no judgment there for damages.    So far as we have known, this has been the universal practice.

This cause was not affirmed, but was reversed, and decree was entered here for the amount due.    It is a misconception to say that the decree of the chancellor was correct and was affirmed, and that, upon examination of the record, this court found no error therein.    There was error therein; this court so adjudged, and its mandate to the lower court will state that such was the case.    But as there was no necessity to take further proof, this court rendered the proper decree upon its own motion so as to finally dispose of the cause.

Argued orally by *Garner W. Green,* for the motion, and by *William H. Watkins, contra.*

WHITFIELD, C. J., delivered the opinion of the court on the motion.

The record discloses a judgment of affirmance, not one of reversal. Where a *remittitur* is entered as a condition of affirmance, what follows is just as much an affirmance as in a case where there is an unconditional affirmance. The judgment entered being, therefore, one of affirmance, as shown by the face of the record, it was proper to allow the five per cent damages provided by the statute in cases of affirmance. We do not think any just distinction can be made as to the right to damages on affirmance between actions arising *ex delicto* and those arising *ex contractu.* In the two cases referred to by the appellant— *Delta & Pine Land Co.* v. *Wallace,* 83 Miss., 656 (36 South. Rep., 263), which arose *ex contractu,* and *Carver* v. *Jackson,* 82 Miss., 583 (35 South. Rep., 157), which arose *ex delicto,* and in both of which a *remittitur* was entered—the record does not show any effort on the part of appellee in either case to secure damages.

*The motion is overruled.*


After the delivery of the foregoing opinion, *Green & Green,* for appellants, filed a suggestion of error to the action of the court in overruling the motion to correct the judgment and disallow damages, calling the attention of the court, for the first time, to *Vicksburg, etc., R. R. Co.* v. *Lawrence,* 78 Miss., 88.


WHITFIELD, C. J., delivered the opinion of the court in response to the suggestion of error.

The case of *Vicksburg, etc., R. R. Co.* v. *Lawrence,* 78 Miss., 88 (28 South. Rep., 826), for the first time referred to in the suggestion of error, seems decisive of the contention. Besides, after mature consideration, we think the true construction of the statute—Code 1892, § 4360—is that it intends damages to be assessed only where there is an unconditional affirmance. In reality, where there has been a *remittitur,* it is consented to

because of error, which but for the *remittitur* would reverse the judgment.    There was error in every such case; and there has been, practically, to the extent of the *remittitur,* a reversal.

*The suggestion of error is sustained, the motion to correct the judgment is sustained, and the damages are disallowed.*