FIDELITY & DEPOSIT CO. OF MARYLAND ET AL. v. WILKINSON COUNTY.

[69 South. 865.]

1. CONSTITUTIONAL LAW. *Due process of law. County depositories. Default. Penalty. Actions against sureties. Time of insolv-*

ency. Depositories. Liability on bonds. Fraud. Liability of
sureties. Statutes. Special laws. County treasurers. Compensation.

Under section 10 of the county depository law (chapter 194, Laws
1912), providing that, when a county depository fails to pay
over money when demanded, the board of supervisors may employ counsel for its collection, and that counsel fees may be allowed and a penalty of one per cent. per month for delays in
paying over funds, the allowance of such penalty and counsel
fees is not improper, as depriving the sureties of the depository
of property without due process of law, since the state can decline absolutely to permit banks to become depositories of money
belonging to the public and it necessarily follows that it can
permit them to do so upon such conditions as it may see fit to
impose.

2. DEPOSITORIES. *Actions against. Sureties. Time of insolvency.*

In a suit against the sureties of a county depository by the county
to collect money deposited, it was immaterial whether or not the
county's money had been embezzled in the hands of the depository before the period for which the liability of the sureties
accrued, since the claim was not for the identical money deposited.

3. DEPOSITORIES. *Liability on bonds. Fraud.*

In a suit against the sureties of a depository, the fact that the
officials of the bank falsely represented to the sureties in writing that the bank was solvent and thereby induced them to go
on the bond, did not relieve the sureties of liability on the
ground of fraud; the county not being a party thereto.

4. DEPOSITORIES. *Liability on bonds. Fraud.*

In an action against the sureties of a county depository, the
fact that the board of supervisors did not require the bank to
make the various reports provided for in section 7 of the depository law, nor to at any time bring the money belonging to
the county to the board to be counted, is immaterial for the
reason that such failure on the part of the board will not relieve
the sureties from liability on their bonds.

5. COUNTY DEPOSITORIES. *Funds deposited. Liability of sureties.*

Sureties on a bond securing deposits of county funds in a bank
are not relieved from liability because no further deposits have
been made since the inception of the suretyship contract, because permitting the bank to retain deposits already made was
equivalent to a new deposit.

6. DEPOSITORIES. *County depositories. County funds.*
   The legal title to the township funds is in the county, which holds them for disbursement in accordance with the purposes for which they were created, so that such funds are to all intents and purposes "county funds" within the meaning of the statute.

7. DEPOSITORIES. *Action on bond. Interest. Default. Damages.*
   Under section 10, Laws 1912, chapter 196, providing for the payment by a depository of "damages at the rate of one per cent per month for any delay in paying over any county funds when lawfully demanded" is in lieu of all other interest or damages, except attorney fees, for which a depository may be held liable after default in payment, and it was error for the court to allow six per cent interest after the default of the bank in its payments.

8. DEPOSITORIES. *Statutes. Constitutionality.*
   Laws 1910, chapter 137, providing for the establishment of county and drainage districts depositories, and that county treasurers shall deposit county moneys therein, is not unconstitutional, as practically abolishing the office of county treasurers, established by Constitution section 135 and his election, as provided for in section 138, nor as violating section 267, which provides that no person elected to any office under the laws of the state shall hold such office without devoting his time to the performance of its duties.

9. STATUTES. *Special laws. County treasurers. Compensation.*
   Laws 1910, chapter 192, amending Code 1906, section 2192, so as to provide that county treasurers in counties having county depositories shall receive a salary of three hundred dollars, and no fees or emoluments, is not unconstitutional as being in violation of Constitution, section 91, providing that the legislature shall not enact any laws for one or more counties not applicable to all counties in the State, regulating cost, charges and fees of office, since the county depository law applicable to all counties is merely amended thereby to substitute a salary uniform in all counties having county depositories for a fee which the treasurers have heretofore received, and make necessary provision for compensation for officers in counties in which depositories cannot be obtained.

10. DEPOSITORIES. *County depositories. Liability on bond. Attorney fees.*
    In a suit by a county against the sureties of a county depository, in order to charge them with attorney fees and damages, if any demand for payment was necessary, the filing of suit was a sufficient demand.
    109 Miss. 56

11. DEPOSITORIES. *Liability on bonds. Penalties.*

In a suit against the sureties of a county depository, damages at the rate of one per cent per month and attorney fees were properly allowed, where certain of the sureties offered to pay a proportionate share of the money due by the bank, but demanded a receipt therefor in full, since tender of offer of money, in order to be availed of as such, must be unconditional.

12. SUBORGATION. *Principal and surety. County depositories. Liability on bonds.*

Under Code 1906, section 3733, providing that, when a surety has executed a bond guaranteeing the payment of money, and the principal defaults, and the sureties pay the amount for which the principal is legally liable, the sureties become thereby subrogated to the rights of the obligee, it was proper in an action against the sureties of a county depository to decree that, when the claim of the county shall have been paid in full, the surety companies shall be subrogated to the rights of the county as against the depository and its receiver to the extent that each company may have contributed to the payment of the county's claim, but that in no event shall the sureties become subrogated to the rights of the county until its claim shall have been paid and satisfied in full.

13. APPEAL AND ERROR. *Review. Allowance of attorney fees.*

In a suit against the sureties of a county depository, where the attorney fees were fixed by the court below upon evidence justifying it, such finding will not be disturbed on appeal.

14. MARSHALING ASSETS AND SECURITIES. *Suretyship. Unsecured liabilities.*

In a suit against the sureties of a county depository, the doctrine of marshaling assets has no application.

15. DEPOSITORIES. *Liability on default. Unsecured deposits. Liens.*

In a suit against the sureties of a county depository upon their bonds it was not error to make the amount deposited in excess of the amount secured by the bonds, a first lien upon all the assets of the bank.

16. DEPOSITORIES. *County depositories. Liability on bond.*

Under the county depository law (Laws 1912, chapter 194), requiring that a new contract for the keeping of the county money shall be made each year, and under section 2 thereof providing that the terms made with each depository shall remain in force for the current year; and until a new arrangement shall be made according to the acts, a surety's liability ends with the

expiration of the year, and the consummation of a new arrangement for the following year.

17. SUBROGATION. *Principal and surety. County depositories. Sureties.*

Subrogation of the rights of sureties to the rights of the obligee, provided for under Code 1906, section 3733, applies to sureties of a county depository.

ON MOTION FOR DAMAGES.

COST.  *Appeal. Disposition of cause. Damages on affirmance.*

Where on appeal a decree is entered in the appellate court conforming in all respects to the decree in the court below, except that interest allowed the appellee is eliminated, the effect of the decision is to reverse the decree below, although it be composed of several items, and to enter a proper decree; and therefore in such case appellee is not entitled to recover the damages provided for under Code 1906, section 4926, when cases are affirmed.

APPEAL from the chancery court of Wilkinson county. HON. R. W. CUTRER, Chancellor.

Suit by Wilkinson county against the Fidelity & Deposit Company of Maryland and others on bonds securing moneys deposited in the Citizens' Bank as a county depository. From the decree entered, the Alabama Fidelity & Casualty Company and another appeal, and the Fidelity & Deposit Company of Maryland and the receiver of the Citizens' Bank and others cross-appeal.

Appeal by certain surety companies from a decree in favor of Wilkinson county for money of said county deposited in the Citizens' Bank, as a county depository; said surety companies being the bondsmen of said bank. The opinion states all the facts.

The assignments of error referred to in the opinion are as follows:

"(1) The court erred in not compelling appellee to marshal assets, inasmuch as it has a right to proceed against two funds, one being held by it as security, and against which it alone can proceed, while cross-appellant,

as representing other creditors of the Citizens' Bank of Wilkinson county, can proceed against none of his codefendants; they being security for appellee alone, and liable to it alone for the matters and things complained of in appellee's bill of complaint."

"(3) The court erred in rendering any decree whatever against cross-appellant and said Citizens' Bank of Wilkinson county, other than one fixing the actual amount due from said bank, as county depository, so as to determine the joint liability of defendant bonding companies, whereby to apportion the amounts due from them respectively as sureties, and in not decreeing that appellee proceed to make the debt due it out of said bonding companies first, to the exclusion of cross-appellant and said bank."

"(5) The court erred in fixing the amount due to appellee, from the Citizens' Bank of Wilkinson county at a present sum of thirty-two thousand, two hundred and fifty-five dollars and sixty-four cents, so placed, by calculating interest on the sum of twenty-five thousand, eight hundred and twenty-seven dollars and sixty-four cents at six per cent. per annum from January 18, 1913, increased by damages at the rate of one per cent, per month until the same is paid, and further increased by adding two thousand, seven hundred dollars as a reasonable attorney's fee, and in decreeing that cross-appellant and the said bank, along with defendant bonding companies held liable on bond for year 1913, pay said sum so found due to appellee."

*J. R. Tyson* and *Truly & Truly,* for appellants, Illinois Surety Co., American Bonding Co., and Alabama Fidelity & Casualty Co.

*Watkins & Watkins,* for appellees and cross-appellants, Fidelity & Deposit Co., of Maryland and Southwestern Surety Co.

*George Butler, J. E. Cassedy* and *D. C. Bramlette, Jr.,* for appellee and cross-appellant, Wilkinson County.

*J. M. C. Martin* and *L. L. Posey,* for cross-appellant receiver.

*W. F. Tucker,* for appellee, National Surety Co.

SMITH, C. J., delivered the opinion of the court.

This is the second appearance of this case in this court; the first appeal being reported in 64 So. 457.

In 1912 the Citizens' Bank of Wilkinson county was appointed one of the depositories for the county of Wilkinson, and executed to the county three bonds aggregating the sum of sixteen thousand, five hundred dollars in the following amounts: Fidelity & Deposit Company of Maryland, five thousand dollars; Southwestern Surety Insurance Company, five thousand dollars; National Surety Company, six thousand, five hundred dollars. On the first Monday in January, 1913, it was again appointed county depository for the ensuing year, and thereupon executed to the county six new bonds in the following amounts, with the following sureties thereon: Alabama Fidelity & Casualty Company, ten thousand dollars; Fidelity & Deposit Company of Maryland, five thousand dollars; Southwestern Surety Insurance Company, five thousand dollars; American Bonding Company of Baltimore, five thousand dollars; Illinois Surety Company, three thousand, five hundred dollars; United States Fidelity & Guaranty Company, one thousand, five hundred dollars.

When these new bonds were executed, the bank was insolvent, because of the embezzlement by its cashier of the greater part of its funds during the year 1912, which fact, however, was unknown to any of the other bank officials, though it could have been easily ascertained by an examination of its books. At this time there was de-

posited in the bank to the credit of the county the sum of thirteen thousand, five hundred and thirty-six dollars and ninety cents. The sheriff and tax collector at this time had on deposit with the bank the sum of nineteen thousand, three hundred and sixty-four dollars and seventy-nine cents, taxes collected by him and belonging to the county, which amount he caused to be transferred on the books of the bank to the credit of the county treasurer in the manner provided for the payment of county money to a county depository. On the 18th of January the insolvency of the bank was discovered by the president and other officers, who immediately closed the doors of the bank, which thereafter transacted no further business; and, after an ineffective effort had been made to liquidate its affairs, it was placed in the hands of a receiver some time in February following. When the bank suspended business, it had not declined to pay any county warrant presented to it. The clerk of the board of supervisors of Wilkinson county, shortly after the bank closed its doors, notified the sureties on the bonds for both years that the county would look to them for the payment of the money due it by the bank, and some time thereafter this suit was instituted for the collection thereof. On final hearing the court below held that the sureties on the bonds for 1912 were not liable to the county for the payment of any of the money due it by the bank, but that the sureties on the bonds executed for the year of 1913 were. The amount of money due the county by the bank on the 18th of January was twenty-eight thousand, eight hundred and ninety-two dollars and fifty-nine cents, and, since the aggregate penalties of the bonds for the year of 1913 amount to only thirty thousand dollars, the maximum amount which the bank could lawfully receive was twenty-seven thousand, two hundred and seventy-two dollars and twenty-seven cents. Consequently, of the amount due by the bank to the county one thousand, six hundred and twenty

dollars and thirty-two cents was wrongfully on deposit, and was held by the court below not to be covered by the bonds, but, under section 3485 of the Code, to be a first lien on all of the assets of the bank. In addition to the amount on deposit, the court awarded the county six per cent. per annum interest, and damages at the rate of one per cent. per month upon the amount due by the bank to the county on January 18th, and also an attorney's fee of two thousand, seven hundred dollars, which the sureties on the bonds for the year 1913 were directed to pay proportionately. The decree further provided that, when the county shall have been paid in full, the sureties are to be subrogated to all the rights of the county against the assets of the bank in the hands of the receiver. From this decree the Alabama Fidelity & Casualty Company and the American Bonding Company have appealed to this court; and the other parties, except the United States Fidelity & Guaranty Company and the National Surety Company, have prosecuted cross-appeals.

## Direct Appeal.

The first and second assignments of error on the direct appeal are:

"(1) The court erred in allowing attorney's fees against these appellants, defendants in the court below; such action of the court being in violation of the fourteenth amendment to the federal Constitution, in that it denied to these appellants the equal protection of the law, which is forbidden by section 1 of the fourteenth amendment to the Constitution of the United States."

"(2) The court erred in awarding any penalty against these appellants in the shape of the one per cent. per month damages which is included in the final decree rendered herein; such action being contrary to, and prohibited by, the fourteenth amendment to the federal Constitution, which prohibits that any state should deprive

any person within its jurisdiction of its property without due process of law."

Section 10 of the county depository law (chapter 194 of the Laws of 1912) provides that, when a county depository fails to pay over money deposited with it by a county when lawfully demanded, the board of supervisors may "employ counsel, if necessary, to more speedily enforce the payment and expenses of such collection, including the counsel fee to be charged against such depository, and, in addition thereto, said depository shall be liable for damages at the rate of one per cent. per month for any delay in paying over any county funds when lawfully demanded, and the bond of any depository shall be liable for said expenses and damages," so that liability for this penalty and counsel fee is one of the conditions upon which these appellants were permitted to become sureties for the discharge by the Citizens' Bank of Wilkinson county of its obligation as depository for the county of Wilkinson; consequently liability therefor was not arbitrarily imposed upon appellants, but was voluntarily assumed by them. Since the state can decline absolutely to permit banks to become depositories of money belonging to the public, it necessarily follows that it can permit them to do so upon such conditions as it may see fit to impose. The question here raised, therefore, comes within one of the rules applied in *Fidelity Mutual Life Insurance Co.* v. *Mettler,* 185 U. S. 308, 22 Sup. Ct. 662, 46 L. Ed. 922.

The third and sixth assignments of error raise practically the same question, which is that the bond of 1912, and not that of 1913, should be held liable for the money due the county by the bank, for the reason that the county's money was embezzled while in the hands of the bank during the year of 1912, and while the bond for that year was in force, and before the one for 1913 was executed.

The relation that existed between the Citizens' Bank of Wilkinson county and the county of Wilkinson, in so

far as the money secured by the bonds here in question is concerned after it had been deposited therein, was that of debtor and creditor, for the money deposited ceased thereafter to be the property of the county, and became that of the bank, which thereby simply became indebted to the county to the amount thereof. The money embezzled, therefore, was not the property of the county, but of the bank. What the sureties on the bank's bonds guaranteed was not the return to the county of the identical money deposited by it in the bank, but that the bank would pay the debt due by it to the county when called on so to do. Whether the money of the bank was embezzled, as well as its solvency *vel non* in 1912, are not material to the present inquiry. *Potter* v. *Fidelity & Deposit Co.,* 101 Miss. 823, 58 So. 713; *Fidelity & Deposit Co.* v. *Wilkinson County,* 64 So. 457.

The fourth assignment of error is that:

"The court erred in awarding any judgment against these appellants as sureties for the year 1913; the proof showing that the execution of the bond upon which they are sureties was obtained by fraud in fact on the part of said bank and fraud in law on the part of said county of Wilkinson."

The fraud alleged to have been committed by the bank by reason of which appellants were induced to become sureties upon its bonds is that the bank officials represented to them in writing that the bank was solvent when, in fact, it was, and had been for some time, to the knowledge of its cashier, insolvent, and that the fact of its insolvency could have been easily ascertained by the other officials, had they made even the slightest investigation into its affairs. The county is not chargeable with any fraud perpetrated by the bank officials in obtaining these bonds, unless it was a party thereto; and there is no pretense here that such is the fact.

The "fraud in law" charged against the county of Wilkinson is that the board of supervisors did not re-

quire the bank during the year of 1912 to make the various reports provided for in section 7 of the depository law, nor to at any time bring the money belonging to the county to the board to be counted. Whether or not the board of supervisors complied with its duty in this regard is immaterial here, for the reason that such a failure on the part of the board will not relieve these sureties from liability on their bonds. *Marlar* v. *State,* 62 Miss. 677.

The fifth assignment of error is that:

"The court erred in awarding judgment against these appellants for any sum whatsoever, the proof showing that no money was deposited with said bank after the execution of the bond on which these appellants appear as sureties; all the funds of said county of Wilkinson having been deposited in said bank prior to the execution of the bonds signed by these appellants, and simply transferred as a matter of bookkeeping subsequent thereto."

Permitting the bank to retain the money deposited with it when the new arrangement for the year of 1913 was made, instead of requiring it to then pay the money into the county treasury, was the equivalent in all respects of the county then depositing it with the bank. When a new arrangement is made with a county depository, ordinarily it would be a vain and useless thing to require it to pay the money then due by it to the county into the county treasury, and for the treasurer to then immediately pay it over again to the bank. When appellants executed the bonds here in question, they did so with the full knowledge that a large part of the banking business is a mere matter of bookkeeping. One of the purposes for the execution by the bank of the bonds of 1913 was that it might not then be called upon to pay to the county the money due it.

The seventh assignment of error is that:

"The court erred in awarding judgment against these appellants for the township funds which were on deposit

with said depository; said funds not being covered by the provisions of the law authorizing the appointment of county depositories."

The legal title to the township funds is in the county, which holds them for disbursement in accordance with the purposes for which they were created, so that such funds are, to all intents and purposes, "county funds," within the meaning of the statute. All doubt as to this fact is removed by the provision in section 9 of the statute that:

"Each depository shall render at the beginning of each and every month to the chancery clerk a statement in duplicate, showing the daily balance of the county money held by it during the month next preceding, and all sums paid to the county for the privilege of keeping said county money shall be credited to the account of the several funds entitled thereto."

The eighth assignment of error is that:

"The court erred in awarding any decree for any sum against these appellants, the proof showing that the board of supervisors of Wilkinson county had, during the year 1912, failed to discharge the duties imposed upon them by the law authorizing the establishment of county depositories, whereby the insolvency of said depository prior to the execution of the bond for the year 1913 would have been ascertained, which said failure upon the part of the board of supervisors worked a fraud upon these appellants which rendered their bonds nugatory."

This assignment of error is disposed of by what was said in response to the fourth assignment, for the reason that the alleged defaults on the part of the board of supervisors in both these assignments of error are practically the same.

The ninth and tenth assignments of error are that:

"The court erred in allowing interest at the rate of six per cent. per annum from January 18, 1913, against these appellants, the conditions of said bond only obli-

gating the sureties thereon to pay interest at the rate of two per cent. per annum until the end of the term for which their bond was written.''

And:

''Because the court erred in allowing interest on the damages and attorney's fee which were erroneously a-warded against these appellants.''

The argument of counsel for the county of Wilkinson in support of this provision in the decree of the court below is, in effect, that under the statute the rate of interest on daily balances contracted for with county depositories applies only while the money of the county is lawfully on deposit, and does not authorize such depositories to withhold payment thereof when called upon therefor and thereafter pay only the contract rate of interest; that money unlawfully withheld by a county depository is governed by the general law relating to the subject of interest.

The first branch of this argument, we think, is sound, so that the contract rate of interest in the case at bar ceased to apply when the bank defaulted in its payments to the county. But we are of the opinion that the provision in section 10 of the statute providing for the payment by a depository of ''damages at the rate of one per cent. per month for any delay in paying over any county funds when lawfully demanded'' is in lieu of all other interest or damages, except attorney's fees, for which such depository may be held liable after default in payment. The court below erred, therefore, in allowing interest after default by the bank in its payments.

The eleventh assignment of error is that:

''The court erred in awarding any judgment against these appellants, the act under which this suit is based being unconstitutional because violative of sections 135, 138, 267, and 91 of the Constitution of the state of Mississippi.''

The question here raised is ruled by *Magee* v. *Lincoln County,* 68 So. 76, and *Magee* v. *Brister,* 68 So. 77.

The twelfth assignment of error is that:

"The court erred in awarding any judgment for either attorney's fees or penalty against these appellants, because the proof shows there was no compliance with those provisions of the act on which this suit is based which was necessary before either penalty or attorney's fee could be inflicted."

The principal complaint under this assignment of error is that no lawful demand was made for the payment by the bank of money due by it to the county. This question was disposed of adversely to appellants on the former appeal herein. 64 So. 459, last paragraph of first column. Should we concede, for the sake of the argument, that an actual demand and refusal to pay is necessary in order to charge appellants with the payment of damages and attorney's fees, the filing of the bill of·complaint herein constitutes a lawful demand for payment, which payment appellants not only refused to make, but even now deny their obligation so to do. That appellants were in doubt as to the extent of their liability on their bonds will not avail them in this connection, for the reason, if no other, that they did not, in response to complainants' bill, offer to pay any portion whatever of the amount due the county, but strenuously insist that they are not liable for any part thereof.

Cross-Appeal of Southwestern Surety Insurance Company and Fidelity & Deposit Company of Maryland.

The assignments of error filed in behalf of these cross-appellants, which have not been disposed of by what has been hereinbefore said, and which we deem it necessary to specifically notice, are as follows:

"That damages at the rate of one per cent. per month and attorney's fees were allowed against the sureties;

which should not have been done, under the peculiar facts in this case."

"The right of subrogation awarded to the appellant and other sureties should not have been conditioned upon the county collecting its entire judgment, but that each surety upon discharging its liability should be subrogated to the county's rights in the premises."

"The attorney's fees allowed in this case are excessive."

The facts relied on to support the first of these assignments of error is that prior to the institution of this suit the Southwestern Surety Insurance Company and the Fidelity & Deposit Company of Maryland each offered to pay to the county one-sixth of the money due by the bank to the county on January 18, 1913, which money the county consented to accept, but declined to give receipts therefor in full of all demands against these companies, agreeing to accept it only as payment on account, and that some time after this suit was instituted these companies paid into the treasury of Wilkinson county each one-sixth of the money due the county by the bank; the county receipting therefor, not in full of all demands, but only for the amount of money paid.

Tender or offer of money, in order to be availed of as such, must be unconditional; and, when accompanied by a demand for a receipt in full, is ineffectual for the purposes for which tender is usually made. *Bacon* v. *Conn,* Smedes & M. Ch. 348; 38 Cyc. 154. Moreover, the obligation of these surety companies is not to pay each one-sixth of the amount due by the bank to the county, but that each will pay the amount thereof, not exceeding the penalty of its bond.

One of the provisions of the decree of the court below is:

"That, when the said claim and demand of the said county of Wilkinson shall have been paid and satisfied in full, then the surety companies last above named, and

any one or all of them, shall be subrogated to the rights of the county as against the said Citizens' Bank of Wilkinson county, and receiver thereof, to the extent of and in the proportion that such surety company or surety companies may have contributed to the payment of the county's claim and demand aforesaid. But in no event shall any of said surety companies become subrogated to the rights of the county as against said bank and the receiver thereof until the claim of the county shall have been paid and satisfied in full.''

This provision or decree comes literally within the language of section 3733 of the Code of 1906, and, we think, is correct. We do not understand this statute to change the rule that:

''The surety who pays the amount called for by the bond does not thereby become subrogated to the rights of the creditor to the prejudice of the balance due the latter.''

To permit each of these surety companies to be subrogated to the rights of the county upon payment by it of the penalty of its bond, and before the remainder of the debt due the county has been paid, might, and in event of the insolvency of one or more of the other companies would, result in the county failing to collect the whole of the amount due; it thereby putting that surety company making the partial payment in a better position than the county itself.

The attorney's fee complained of was fixed by the court below upon evidence justifying it, and therefore will not be disturbed.

This will also dispose of the complaint of the county of Wilkinson that the attorney's fee should have been for a larger amount.

### Cross-Appeal of Wallace, Receiver.

The doctrine of the marshaling of assets invoked by cross-appellant Wallace, receiver, in the first and third

assignments of error filed in his behalf, which will be set out by the reporter, has no application here.

The second assignment of error filed in behalf of the receiver is that:

"The court erred in ordering and decreeing that cross-appellant pay to appellee the sum of one thousand, six hundred and twenty dollars and thirty-two cents, out of the assets of said bank, as a first and prior lien upon all the assets of said bank, and in holding that twenty-seven thousand, two hundred and seventy-two dollars and twenty-seven cents was the maximum amount of deposits that said bank could rightfully have on hand as county depository, and in making the said difference between said sum and twenty-eight thousand, eight hundred and ninety-two dollars and fifty-nine cents prior in right against the assets of said bank, under its findings of the facts from the record herein."

Section 3 of the depository act provides that:

A bank "may qualify as a county depository by placing on deposit with the county treasurer as security any of the following securities in an amount ten per cent. greater than the maximum sum to be placed on deposit in such bank at any one time, to wit: . . . Surety bonds of any surety company authorized to do business in the state of Mississippi," etc.

The aggregate amount of the penalties of the various bonds here in question executed for the year 1913 is thirty thousand dollars, so that it necessarily follows that twenty-seven thousand, two hundred and seventy-two dollars and twenty-seven cents is the maximum amount which could be lawfully deposited with the bank by the county during that year. Consequently, the question here raised is ruled by *Powell* v. *Board of Supervisors,* 65 So. 499; and the court committed no error in decreeing the amount deposited in excess of the twenty-seven thousand, two hundred and seventy-two dollars and twenty-seven cents to be a prior lien on all the assets of the bank.

The receiver's fourth assignment of error is that:

"The court erred in dismissing appellee's bill of complaint as against the National Surety Company, the Fidelity & Deposit Company of Maryland, and the Southwestern Surety Insurance Company, on the ground that no liability attached on the surety bonds given for the years 1912 and 1913, but only on account of the bonds given for the year 1913."

While it may be true, and doubtless is, that had no new arrangement been made by the county with the bank for the year 1913, the liability of the sureties on the bond for 1912 would have continued until all the money received by the bank from the county during that year had been paid to the county or upon its order, we are of the opinion that, when the new arrangement for 1913 was made, the liability of the sureties on the bond for 1912 ceased. The depository law requires that a new contract for keeping the county money shall be made each year; and section 2 thereof provides that:

"The terms made with each depository shall remain in force for the current year, and until a new arrangement shall be made according to this act."

When a "new arrangement" is made, the rights and liabilities of the parties thereto are governed thereby, and the old arrangement is of no further force or effect. Moreover, when this "new arrangement" was made, the sureties on the 1912 bonds, as such, lost all control they may have theretofore had over the situation, and therefore must necessarily be held to have been released thereby.

The matters complained of in the receiver's fifth assignment of error have been disposed of by what has been hereinbefore said with reference to a similar assignment of error filed on the direct appeal, except that the receiver claims that the court below made an error in calculating the amount due. This error we have been unable to discover.

The receiver's sixth and seventh assignments of error challenge the right of the surety companies to be subrogated to the rights of the county as against the bank upon payment by them of the amount due the county by the bank. This contention is without merit, for the reason that the right of subrogation is expressly conferred upon the sureties by section 3733 of the Code.

A decree will be entered here conforming in all respects to the decree of the court below, except that the item of six per cent. interest on the amount due the county by the bank will be eliminated.

### ON MOTION FOR DAMAGES.

This cause comes on to be heard upon motion of appellee for the allowance, under section 4926 of the Code, of five per cent. damages upon the amount recovered by it under the decree in the court below as modified here.

The effect of our decision, when this cause was before us on the merits, is that the decree of the court below was reversed, and a proper decree entered here, so that this motion is ruled by *Vicksburg, etc., R. R. Co.* v. *Lawrence,* 78 Miss. 86, 28 So. 826, and *Howie* v. *Bonds,* 87 Miss. 698, 40 So. 227.

That the amount of the recovery awarded appellee in the court below is composed of several items—that is, of principal damages thereon, and attorney's fees—is not, in our judgment, material to the question here under consideration.

*Overruled.*