Ætna Life Ins. Co. *v.* Thomas.

(Division A. Oct. 31, 1932.)

[144 So. 50. No. 30153.]

(Division A.  Feb. 20, 1933.)

[146 So. 134.  No. 30153.]

For original opinion, see 144 So. 50.

Welch & Cooper, of Laurel, for appellant.

Collins & Collins, of Laurel, for appellee.

Brief of counsel not found.

Argued orally by **W. S. Welch,** for appellant, and **Jeff Collins,** for appellee.

**McGowen, J.**, delivered the opinion of the court.

In an action at law on a life insurance contract containing a total permanent disability clause, the appellee recovered judgment against the appellant insurance company, and it prosecutes an appeal here.

The declaration demanded judgment for benefits on account of the total and permanent disability of the insured at ten dollars per month from April 1, 1928, amounting to four hundred dollars, and in addition thereto the sum of one hundred four dollars, representing two premiums paid by the appellee on the policy which became due during the period of his alleged permanent disability.

To the declaration the insurance company pleaded the general issue, and gave notice thereunder that appellee was engaged in a gainful occupation for a portion of the time before he was sixty years of age, and that the alleged permanent disability occurred after he was sixty years of age; that no satisfactory notice, appellant claimed, of permanent disability, had ever been received by it at its home office; and, further, that the premiums paid by appellee, after his injury, were voluntarily paid by him, he having been engaged in gainful occupation during the period he was liable for the premiums paid.

The following provisions of the policy were involved in the lawsuit:

"If the insured becomes totally and permanently disabled and is prevented from performing any work or conducting any business for compensation or profit, or has met with the irrecoverable loss of the entire sight of both eyes, or the total and permanent loss by removal or disease of both hands or of both feet, or of such loss of one hand and one foot, and satisfactory evidence of such disability is received at the Home Office of the Company, the Company will, if there has been no default in the payment of premiums, waive the payment of all

premiums falling due during such disability after the receipt of such proof;

"If such disability existed before the insured attained the age of sixty years, the Company will pay to the life beneficiary the sum of ten dollars for each one thousand dollars of the sum insured and will pay the same sum on the same day of every month thereafter during the lifetime and the continuance of such disability of the insured, the first payment to become due on receipt at said Home Office of satisfactory evidence of such disability;

"If before attaining the age of sixty years the insured becomes totally disabled by bodily injuries or disease and is thereby prevented from performing any work or conducting any business for compensation or profit for a period of ninety consecutive days, then if satisfactory evidence has not been previously furnished that such disability is permanent, such disability shall be presumed to be permanent within the meaning of this provision;

"Provided, however, no benefit will be paid or allowed hereunder for disability arising while engaged in military or naval service in time of war.

"The foregoing benefits for disability are conditioned upon satisfactory evidence being furnished the Company when requested of the continuance of the total disability of the insured and upon the representatives of the Company being permitted to examine the insured at any time, provided such evidence or examination shall not be required oftener than once a year after the expiration of two years from the acceptance of such proof, and if it shall appear to the Company that the insured is able to perform any work or conduct any business for compensation or profit after a claim has been allowed, then disability benefits shall immediately cease and the policy will continue under its original conditions as if no disability had been incurred."

The facts necessary to be stated here are that the con-

tract of insurance was entered into in 1922. Cap Thomas became sixty years of age on October 12, 1928. After the suit was brought, in some manner, the appellant, on October 12, 1931, was served with the following notice:

"To Ætna Life Insurance Company or Welch and Cooper His Attorneys of Record for Defendant.

"You will please produce upon trial of this case a certain letter written to the Ætna Life Insurance Company of Hartford, Connecticut, on the 1st day of April, 1928, claiming total disability and compensation unless same is produced secondary evidence thereof will be offered.

"COLLINS & COLLINS,
"Attorneys for Plaintiff.

"Filed October 12, 1931
"A. S. Jackson, Clerk."

On the trial, pursuant to said notice, appellee demanded the letter, to which demand counsel for appellant responded orally that the appellant had no such letter; whereupon the court permitted secondary evidence of the mailing thereof and of its contents to the effect that, on April 1st, appellee had mailed, postage prepaid, notice of his claim to permanent disability benefits, addressed to the Ætna Life Insurance Company, at Memphis, Tenn., to which he had received no written response, but that a week or two later an agent of the company visited him and he disclosed all the facts of his disability to this representative. He further testified that his correspondence in connection with his policy prior and subsequent to the above notice of disability had been with Mr. Searles, the general manager of this company, at Memphis, Tenn.

There was strenuous objection to the introduction of this secondary evidence; and this is the main point argued here.

Thomas had injuries prior to February, 1928, but

claimed that in March, 1928, he had fallen from a house and had broken his ribs, which injury totally incapacitated him to do manual labor, he being a carpenter by trade. He claimed, at the time of the hearing, that he was blind, and had been so during the period for which he claimed the benefits; that he was practically in the same condition at the time of the trial that he had been on and after the time of the injury above mentioned; that he had attempted at times to work, but was unable to do so; and that he did not work. Appellee's physician testified that he had been permanently disabled since he had broken his ribs in the spring of 1928.

Appellant company offered evidence to the effect that Thomas had been engaged in his usual vocation as a carpenter during the period for which he was suing. Its evidence also tended to show that appellant had never received any kind of notice until a letter was written to it in March, 1930, in which appellee made claim for disability benefits and for waiver of premiums at a time when he was more than sixty years of age. Upon investigation pursuant to that letter, which appellant claimed was the only letter ever written it, payment of premiums for a time was waived, but later appellant's agreement to waive the payment of premiums was canceled.

1. On the contention of appellant that it was entitled to a peremptory instruction, we have sufficiently stated the facts to show that there was a sharp conflict, which was properly submitted to the jury.

2. It is insisted that the notice served on appellant to produce a letter written by the appellee to it in April, 1928, addressed to the Ætna Life Insurance Company, at Hartford, Conn., was not sufficient notice to require the appellant to produce a letter written to it at Memphis, Tenn., and that the secondary evidence pursuant to that notice was therefore incompetent.

In the first place, the policy of insurance shows that

the corporation is styled "Ætna Life Insurance Company of Hartford, Connecticut." The notice was to produce a letter written to the Ætna Life Insurance Company of Hartford, Conn., and not at Hartford, Conn., as alleged in the brief of counsel. The notice, fairly interpreted, was to the appellant, requiring it to produce any letter received by it making claim for disability benefit. It clearly appears from this record that transactions were had between the general agency at Memphis, Tenn., and the insured, and it would have been unnatural for the insured in corresponding about his policy to have written to the home office instead of its general agency. Certainly there could not have been a notice addressed to the Memphis office of this nature of which the home office in the ordinary course of business would not have had knowledge, or at least should have known of it, if its business had been conducted in the usual and ordinary way.

The sufficiency of a notice to produce a written instrument is a preliminary question of fact to be determined by the trial court, and that determination will not be disturbed unless injury is shown plainly from an improper abuse thereof by the trial court. 22 C. J., p. 1064, section 1370. We are of opinion that there was sufficient description in the notice of the letter required that would cause the officials of the insurance company to at once call the attention of the general agency doing business with the policyholder in that section of the country to such a matter. There is no reversible error in the action of the court in this behalf.

3. A reading of the contract as set forth in this opinion will readily disclose that there is no estoppel, because subsequent to his injury the appellee accepted the waiver of premiums granted to him by the insurance company under the contract.

4. We are of opinion that there was no error in the instructions given in this case, and the criticisms offered

by counsel for appellant do not call for an expression of opinion from us.

5. The record in this case discloses that the insured paid the insurance company, subsequent to his injury, one hundred four dollars and eighty cents in premiums, and that the lower court permitted him to recover back this amount in this action, because he was disabled permanently.

The record shows that these payments were voluntarily made. There was no coercion, compulsion, or necessity for payment shown in this record, except it be argued that it was necessary for him to pay his premiums in order that he might keep the contract in force. Certainly the appellee, Thomas, knew of the facts with reference to this entire matter. His payments were entirely voluntary; he might pay or not, as he saw fit. If he paid the annual premiums, his contract was in force; if he declined to pay, his rights under the contract ceased. It is a general rule that money voluntarily paid under a claim of right for the payment and with knowledge of the facts by the person making the payment may not be recovered on the idea that the claim paid was illegal or not due, or that claimant was not liable therefor. This rule applies here, and has been recognized by this court uniformly with the other courts of this country. Menge & Sons v. Gulf & S. I. R. Co., 97 Miss. 810, 53 So. 424; Town of Wesson v. Collins, 72 Miss. 844, 18 So. 360, 917.

Premiums voluntarily paid upon a contract of life insurance do not fall within any exception to the rule. See Jones v. Providence Savings Life Assur. Society, 147 N. C. 540, 61 S. E. 388, 25 L. R. A. (N. S.) 803; 32 C. J., p. 134, section 406. The premiums were voluntarily paid, and are not on a parity with the payment of water dues to a public utility. Water is a necessity; insurance, while generally counted a good investment, cannot be classed as an urgent necessity so as to permit one who pays premiums on a life insurance contract to re-

cover them back on the idea he was entitled to a waiver of the payment of any premiums on account of his total permanent disability. Thomas was not entitled to recover the premiums so paid, amounting to one hundred four dollars and eighty cents, and, in so far as that recovery is concerned, this cause is reversed.

As to the recovery of four hundred dollars for his total permanent disability from and after April, 1928, we find no error; and the case will be affirmed to that extent, and the judgment modified, disallowing the claim for recovery of premiums and permitting the appellee to recover four hundred dollars, with interest.

Affirmed and modified; judgment entered here.

## ON SUGGESTION OF ERROR.

**Smith, C. J.,** delivered the opinion of the court on Suggestion of Error.

The appellee sued the appellant in the circuit court of Jones county for monthly payments of ten dollars each, alleged to be due him under an accident insurance policy, aggregating the sum of four hundred dollars, and for one hundred four dollars and eighty cents alleged to be due him because of premiums paid by him on the policy after his disability arose.

The jury returned a verdict for the appellee for the amount sued for, in the following language: "We, the jury, find for the plaintiff, the sum of five hundred four dollars and eighty cents," and a judgment was rendered thereon for five hundred four dollars and eighty cents, "with interest and costs."

The appellant, defendant in the court below, brought the case to this court, and on a former day of the present term the judgment of the court below was reversed, this court holding that the appellee was entitled to recover four hundred dollars due him under the disability clause

of the policy, but not for the premiums paid by him
thereon, and rendered a judgment here for the appellee
for four hundred dollars and interest from the date of
the judgment in the court below. 144 So. 50. The opinion
then rendered contained no order as to the costs of the
appeal, but the judgment rendered adjudged the costs of
the appeal against the appellant. On a suggestion of
error by the appellant, responded to by the appellee,
complaining, among other things, of this award of costs
in this court to the appellee, we corrected the judgment
so as to adjudge the costs of the appeal against the ap-
pellee. The appellee has now filed a suggestion of error
on two grounds:

First, that we erred in sustaining the appellant's sug-
gestion of error; and

Second, that we erred when rendering the original
judgment on the merits, in not awarding the appellee
interest on each of the monthly payments due him under
the policy from their due dates.

The first of these complaints is but a second sugges-
tion of error addressed to the same question argued and
decided on the suggestion of error filed by the appellant.

The second complaint comes long after the time for
filing suggestions of errors has expired. Rule 14 of this
court. 104 Miss. 906. The suggestion of error, therefore,
should be dismissed; but since the same result will be
reached by deciding it on its merits, we have decided so
to do. without intending thereby to establish a precedent
therefor.

Under his first complaint the appellee's contentions
seem to be, (1) that he should not have been taxed with
the costs on appeal, and if mistaken in this, then (2) the
costs thereof should have been apportioned between him
and the appellant.

The question as to who shall pay court costs is regu-
lated by statutes. Under section 668, Code 1930, which
applies to all courts, "the party in whose favor judg-

ment shall be given . . . shall be entitled to full costs, except when it may be otherwise directed by law.''

The only statute which makes the successful appellant in the Supreme Court liable for costs is section 3408, Code 1930, which provides that he shall be liable for certain costs in event they cannot be made out of the appellee.

The question then is: Is the appellant here a successful party within the meaning of the statute? Or, to express it differently, did he obtain here the judgment sought by him on the appeal?

Under section 3378, Code 1930, the judgment to be rendered by this court, when error appears in a judgment or decree, appealed from, is to reverse the judgment or decree, and (1) remand the case for a new trial, or (2) render such judgment as the trial court should have rendered; or, if the decree is not erroneous in all particulars, then (3) to affirm it in so far as it is correct, and reverse it in so far as it is erroneous, and remand the case for a new trial on the questions only with respect to which the judgment or decree is erroneous, if separable. Section 3405, Code 1930; Rules 12 and 13 of this court, 104 Miss. 906.

The judgment in the Supreme Court sought by an appellant on an appeal thereto is, therefore, one reversing the judgment or decree appealed from, in whole or in part, and the rendition of one of these three judgments. This, the appellant here succeeded in accomplishing, for the judgment of the trial court was reversed, and the judgment which the trial court should have rendered was here rendered. Howie v. Bonds, 87 Miss. 698, 40 So. 227. The appellant, therefore, under the statute, seems to be entitled to recover the costs incurred on the appeal.

Section 3387, Code 1930, in part provides that: ''In case the judgment or decree of the court below be affirmed. or the appellant fail to prosecute his appeal to effect the Supreme Court shall render judgment against

the appellant for damages, at the rate of five per centum and costs," etc.

Under this statute, an appellant who obtains a reversal of the judgment appealed from cannot be taxed with the 5 per cent. penalty, when the court, instead of remanding the case, renders such judgment or decree as the trial court should have rendered. Howie v. Bonds, supra; Vicksburg, S. & P. R. Co. v. Lawrence, 78 Miss. 86, 28 So. 826; Courtney Bros. v. John Deere Plow Co., 122 Miss. 611, 84 So. 690; Fidelity & Deposit Co. v. Wilkinson County, 109 Miss. 879, 69 So. 865. It would seem to follow that the same rule should be applied when adjudging the payment of costs for the statute covers both costs and the five per cent. penalty, without making any distinction between them.

There are several statutes which provide for the apportionment of costs in certain cases, but none of them apply here. These statutes are sections 672, 682, 3404 and 3405.

In several cases this court has apportioned costs when reversing the judgment or decree appealed from, and rendering such judgment or decree as the trial court should have rendered, among which are: Lamb v. Rowan, 83 Miss. 45, 35 So. 427, 690; Brewer v. Overton (Miss.), 92 So. 558; Vicksburg, S. & P. R. Co. v. Lawrence, 78 Miss. 86, 28 So. 826; Barry v. Wingfield (Miss.), 126 So. 842, and Hartford Fire Ins. Co. v. Williams (Miss.), 145 So. 94. In none of these cases were reasons given or statutes cited, except in Barry v. Wingfield, where it is said that section 4296 (which should be section 4926) Code of 1906, section 3407, Hemingway's 1927 Code, now section 3387, Code 1930, "has long been construed by this Court to authorize it to apportion the costs in this class of cases," citing Lamb v. Rowan and Brewer v. Overton.

In Lamb v. Rowan there was both a direct and cross appeal, each of which was successful in part. In this

case there were two appellants, one on direct and the other on cross appeal, each of whom was successful in part, and each, therefore, was entitled to recover his costs, thereby necessitating, there being only one record, the apportioning of the costs between them. Should it be thought that the costs in that case were "not embraced expressly or by fair implication in some provision of law," then the apportionment of the costs was authorized by section 682, Code of 1930. The case is, therefore, not in point here for the record here was brought to this court by direct appeal only, there being no cross-appeal or cross-assignment of errors.

It has been suggested that in appeals from the chancery court this court may apportion the costs on appeal under section 672, Code of 1930, which provides that the chancery court "shall have power to decree that either party shall pay the costs of any suit in equity, or that the same may be divided as may appear equitable." Whether this statute applies in appeals from chancery courts is not before us, this appeal being from a circuit court, and we express no opinion thereon.

If the other four of these cases are controlling here, as to which we express no opinion, the effect of their holding is not that this court must apportion the costs when it reverses a judgment or decree, and renders such judgment or decree as the trial court should have rendered, but only that it has the right within its discretion, so to do. This discretion, if such there here is, we declined to exercise when entering the order here said to be erroneous by counsel for the appellee, and we see no reason for receding therefrom.

The judgment appealed from is in solido for five hundred four dollars and eighty cents, was not separable for the purposes of appeal therefrom, unless by agreement, as to which we express no opinion. So that it was necessary for the appellant to appeal from it in its entirety, in order to obtain any relief whatever therefrom.

The record also being an entirety, it was necessary for the whole of it to be brought to this court, in the absence of an approved agreement to the contrary, in order for the appellant to obtain any relieef from the judgment based on it. The appellant could not by itself alone have lessened, and it did nothing to increase, the costs of the appeal.

This brings us to the appellee's complaint that we erred in awarding interest on the judgment rendered from the date of the judgment in the court below, instead of awarding interest on each monthly installment from the date it was due under the policy. If there is any error in this respect, as to which we express no opinion, it was committed in the court below. Its judgment is in this language: "The plaintiff, Cap Thomas, do have of and recover from the defendant, Ætna Life Ins. Co., a corporation, the sum of five hundred four dollars and eighty cents, with interest and costs." This is a judgment for interest only from the date of the judgment. The case was presented to us on direct appeal by the appellant, no cross-appeal being taken by the appellee, nor any cross-assignment of error being filed by him. If there was error in the judgment appealed from, it should have been complained of on the original hearing, in the absence of which the error, if any, was waived.

The suggestion of error will be overruled.