KIRKPATRICK *v.* MUNN, ADMX.

No. 43677 December 17, 1965 181 So. 2d 150

392

*B. N. Knox, Jr.*, New Albany, for appellant.

*L. G. Fant, Jr.*, Holly Springs; *Mitchell, McNutt & Bush*, Tupelo, for appellee.

Inzer, J.

This appeal involves the question of whether a surety on a supersedeas appeal bond to this Court is liable on the bond for a judgment rendered in the circuit court, after the case which was appealed was affirmed by this Court as to liability but reversed and remanded for a new trial for the assessment of damages. We hold that the surety is not liable under such circumstances.

The facts involved were stipulated in the Circuit Court of Marshall County and were submitted to the circuit judge for a decision without intervention of a jury. The facts as stipulated are:

The plaintiff, Mrs. Jane Munn, as administratrix of the estate of M. N. Munn, deceased, recovered a final judgment against P. O. Scott in the Circuit Court of Marshall County, Mississippi in cause number 5893 in the amount of $2500.00; said judgment being of the date of November 25, 1959. Said suit was for damages sustained by the plaintiff's intestate in an automobile accident.

P. O. Scott, the defendant in the above numbered case, appealed said judgment to the Supreme Court

of Mississippi with supersedeas. W. V. Crump and Jimmy Kirkpatrick executed the supersedeas bond as sureties. Both W. V. Crump and Jimmy Kirkpatrick are residents and householders in Monroe County, Mississippi, at all times pertinent hereto.

When the cause was heard by the Supreme Court of Mississippi, being cause No. 42,445, the Supreme Court affirmed the cause as to the liability of the defendant, but reversed the cause on the question of damages, and remanded the case to the Circuit Court of Marshall County "so that another jury may pass upon damages due under the allegations of the declaration, other than for consortium and companionship." The Supreme Court assessed the costs of the entire proceeding against the plaintiff, Mrs. Munn. The appellee, Mrs. Munn, filed a motion to retax the costs, but was unsuccessful. The mandate of the Supreme Court provided that all costs were assessed against Mrs. Munn.

After remand, the cause was again submitted to the Circuit Court of Marshall County, Mississippi, in cause No. 5893 on the docket of said Court, and resulted in a jury verdict for the plaintiff against the defendant, P. O. Scott, in the sum of $2250.00.

Subsequently, the plaintiff here, Mrs. Jane Munn, filed her suit in the Circuit Court of Marshall County, Mississippi against Jimmy Kirkpatrick and W. V. Crump, defendants, in the cause No. 6191 on the docket of said Court, to recover against the said defendants the sum of $2250.00 plus interest from the date of February 25, 1963.

The defendants, Jimmy Kirkpatrick and W. V. Crump, moved the Court to transfer this cause to the County of their household and residence, namely, Monroe County, Mississippi, which motion has been overruled by the Court.

It was further stipulated that neither of the sureties was a party to the original cause of action and that the final judgment rendered in Cause No. 5893 on the docket of the Circuit Court of Marshall County was a valid judgment. It was also stipulated that the original appeal bond would be considered in evidence together with the opinion of this Court on the former appeal.

The matter was then taken under advisement by the circuit judge, and he later rendered a written opinion and order. His opinion states in part:

The bond in issue is the appeal bond with supersedeas with the condition that the appeal be prosecuted with "effect, and shall satisfy the judgment complained of and also such final judgment as may be made in the cause and all costs, if same be affirmed."

The phrase "with effect" means more than a mere prosecution of the appeal to a final determination, but requires a final determination in favor of appellant.

The phrase "if affirmed," obviously, on general principles, means that the final decision determining the rights of the parties must be deemed to have been within the contemplation of the sureties, and they are liable for the payment of the judgement as finally affirmed, even though it was first reversed and then, on a re-hearing, affirmed.

In this matter, the liability of the principal was affirmed and only the amount of damages was reversed for a new trial. No appeal was taken from the judgment entered by the court on the verdict of the jury at the conclusion of the second trail (sic).

Since the matter of liability was affirmed on appeal, the sureties can not now be heard to complain because the amount of damages and judgment is lower.

From the judgment rendered against the sureties one of the sureties, Jimmy Kirkpatrick, appeals to this Court. He contends that the trial judge was in error (1) in overruling his motion for a change of venue to the county of his residence and household, and (2) in rendering a judgment for appellee, Mrs. Jane Munn, Administratrix. We will first address ourselves to the second contention.

The condition of the bond in question provides:

Now if the said P. O. Scott shall prosecute said appeal with effect and shall satisfy the judgment complained of and also such final judgment as may be made in the cause and all costs, if the same be affirmed, then this obligation to be void; otherwise, to remain in full force and effect.

The learned circuit judge construed the condition "with effect" to mean more than just the prosecution of the appeal to a successful determination. He held that it required a final determination of the case in favor of appellant. It appears to be his conclusion that even though a case is reversed by this Court for a new trial that the sureties on a supersedeas appeal bond remain liable unless such appellant shall prevail in the retrial of the case. With this thinking we cannot agree. A statement of the general rule relative to recovery on supersedeas bonds is found in 5B C.J.S. *Appeal and Error* § 2042 (1958):

Before there can be any recovery on a supersedeas bond, a breach of the conditions of the bond must appear. A condition merely to prosecute an appeal, without the use of the statutory words, "with effect," is fully performed by a prosecution which is unsuccessful and which results in an affirmance of the judgment appealed from. On the other hand, a condition to prosecute an appeal with effect, as usually construed, means to prosecute it successfully, or to secure a reversal of the judgment appealed from. In

some cases, however, it has been held that prosecution with effect does not mean to a successful issue in favor of appellant, but merely prosecution with due diligence to a final determination, or to a nonsuit. Due prosecution of an appeal means its effectual prosecution. So failure to perfect an appeal has been regarded as a breach of the condition to prosecute the appeal with effect, fixing the sureties with liability.

██ █ We hold that the phrase "prosecute said appeal with effect" requires that the appeal be prosecuted successfully. In the case of Aetna Life Ins. Co. v. Thomas, 166 Miss. 53, 146 So. 134 (1932), we discussed the question of what constituted success upon appeal in regard to the assessment of costs. We said:

The question then is: Is the appellant here a successful party within the meaning of the statute? Or, to express it differently, did he obtain here the judgment sought by him on the appeal?

Under section 3378, Code 1930, the judgment to be rendered by this court, when error appears in a judgment or decree, appealed from, is to reverse the judgment or decree, and (1) remand the case for a new trial, or (2) render such judgment as the trial court should have rendered; or, if the decree is not erroneous in all particulars, then (3) to affirm it in so far as it is correct, and reverse it in so far as it is erroneous, and remand the case for a new trial on the questions only with respect to which the judgment or decree is erroneous, if separable. Section 3405, Code 1930; Rules 12 and 13 of this court, 104 Miss. 906.

The judgment in the Supreme Court sought by an appellant on an appeal thereto is, therefore, one reversing the judgment or decree appealed from, in whole or in part, and the rendition of one of these three judgments. This, the appellant here succeeded in accomplishing, for the judgment of the trial court

was reversed, and the judgment which the trial court should have rendered was here rendered. Howie v. Bonds, 87 Miss. 698, 40 So. 227. The appellant, therefore, under the statute, seems to be entitled to recover the costs incurred on the appeal. (166 Miss. at 64, 146 So. at 135)

 ██ It is apparent from the foregoing that Scott prosecuted his appeal in Cause No. 42,445 successfully when we affirmed as to liability but reversed and remanded for a new trial on the question of damages. He prosecuted his appeal with the effect required by the condition of the bond.

We have heretofore determined the meaning of the words ''if affirmed'' contrary to the finding of the trial judge. In the case of Barry v. Winfield, 126 So. 842 (Miss. 1930), which involved an accounting relative to partnership business and on a motion to retax costs and to correct judgment to include a judgment against the sureties on a supersedeas bond, we said:

As to only two items mentioned in the former opinion, the judgment of the lower court was reversed. Certain it is that this court did not affirm the judgment of the lower court. Section 3409, Hemingway's Code, 1927, Section 4928, Code of 1906, provides that the judgment of the Supreme Court, on affirming the judgment or decree of the court below, or on a dismissal of the appeal, shall be against the sureties on the appellant's supersedeas bond. The cause before us does not fall within the statute.

This Court has construed a similar statute, against the appellee in the case of Nancy J. Kibble et al. v. Armistead L. Butler, 27 Miss. 586, where it announced that there cannot be a judgment in the Supreme Court against the sureties on the supersedeas bond where a judgment could not be obtained by a regular suit on the bond. In the Kibble Case the Supreme Court had rendered a judgment reversing the holding of

the court below, and entered a judgment in another form, but in effect the same as the judgment reversed. Judge Fisher, as the organ of the court, held that the judgment so rendered by this court was void — that there was no breach of the conditions of the bond, because the case had been reversed.

In the case now before us there has been no breach of the bond — consequently no judgment against the sureties thereon can be rendered. (126 So. at 843)

█ █ The words "if affirmed" apply to the judgment appealed from and do not mean that an appellant must be successful on a retrial in order for the sureties on a supersedeas bond to be relieved of their obligation.

█ █ It is clear to us that Scott prosecuted his appeal, No. 42,445, with effect, and that we did not affirm the judgment appealed from. The obligation of the sureties on his supersedeas bond was not breached, and it became void. For this reason this case must be reversed and judgment entered here for appellant.

Reversed and judgment here for appellant.

*Ethridge, P. J., and Gillespie, Jones and Brady, JJ.,* concur.